1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Crystal Gannon, | No. CV 22-428-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Truly Nolen of America Incorporated, | |
| Defendant. | |

Truly Nolen of America Incorporated ("Defendant") was the subject of a cyber-attack and data breach. A hacker stole personally identifiable information and protected health information held on its servers. Plaintiff seeks to represent these categories of individuals via a class action.  Plaintiff asserts numerous claims against Defendant relating to the data breach. Defendant has moved to dismiss this case pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As discussed below, Defendant's motion to dismiss is granted.[1]

**STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.[2] To survive a motion to dismiss, the plaintiff's complaint

---

[1] Because the briefing is adequate and oral argument will not help in resolving this matter, oral argument is denied.  *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200-1201 (9ᵗʰ Cir. 1999).
[2] *See* Fed. R. Civ. P. 12(b)(6).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[5] [6]

## BACKGROUND

Defendant is an Arizona Corporation providing pest control services across the United States and in 30 countries around the world.[7]

On May 11, 2022, Defendant learned that it had been the victim of a data breach that occurred between April 29, 2022 and May 11, 2022.[8] The letter provided by Plaintiff states that Defendant identified suspicious activity on its network during which an unauthorized actor removed certain files.[9]

The review of the involved systems that were breached included personally identifiable information ("PII") such as social security numbers, and personal health information ("PHI") such as medical information and medical insurance information.[10]

Defendant began informing potential victims of the data breach in August of 2022 through notice letters sent to individuals whose data may have been compromised.[11]  The notice included steps potential victims could take to protect against the possibility of identity theft and fraud, and offered free credit and identity monitoring services through Experian for twelve months.[12]

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] The Court notes that it agrees with Defendant that Plaintiff fails to state any claims in this case and that allowing yet another amended complaint would be futile.  As such, while the Court agrees that Defendant presents meritorious arguments as to standing, the Court does not address that issue in detail in this Order as it is unnecessary in light of the failure to state any claims.
[7] First Amended Complaint ("FAC"), ECF No. 12, at ¶¶ 26, 27.
[8] FAC, ECF No. 12, at ¶ 2.
[9] Exhibit 1, ECF No. 24.
[10] Exhibit 1, ECF No. 24.
[11] Exhibit 1, ECF No. 24; FAC, ECF No. 12, at ¶ 4.
[12] Exhibit 1, ECF No. 24.

The proposed plaintiffs in the First Amended Complaint ("FAC") are residents of different states and have different relationships with Defendant; the FAC asserts two classes: one for a Nationwide Class and one for an Arizona Subclass.[13] Named Plaintiff Crystal Gannon ("Plaintiff") alleges that she received her notice letter regarding the data breach in August of 2022.[14]

Plaintiff does not indicate why she provided her PII or PHI to Defendant other than alleging that it was "required in order to obtain services from Defendant."[15]

Defendant disputes the identity of Plaintiff Crystal Gannon and argues that "no information regarding [Plaintiff] could have been accessed during the data security incident and no notification letter [was sent] to her.[16]

As a result of the data breach, Plaintiff alleges a variety of injuries, including: 1) lost time investigating issues and services relating to the data breach; 2) the diminution in the value of her PII and PHI; 3) annoyance, interference, inconvenience, anxiety and increased concerns for loss of privacy; and 4) a substantial risk of fraud, identity theft, and misuse resulting from the breach involving PHI and PII.[17]

Plaintiff seeks to bring a class action and alleges numerous claims such as negligence, "invasion of privacy", "breach of confidence", breach of implied contract, breach of the implied covenant of good faith and fair dealing, and violation of the Arizona Consumer Fraud Act.  However, as Defendant correctly argues, Plaintiff's case is without basis and the entire case is subject to dismissal.

## DISCUSSION

### Negligence

Defendant argues that Plaintiff's negligence claims fail because: 1) Defendant had no duty to safeguard Plaintiff's private information; 2) Plaintiff failed to show that a duty was breached 3) Plaintiff has failed to show cognizable damages; and 4) Plaintiff has failed

---

[13] FAC, ECF No. 12, at ¶ 29.
[14] FAC, ECF No. 12, at ¶ 20.
[15] FAC, ECF No. 12, at ¶ 18.
[16] Motion to Dismiss ("MTD"), ECF No. 16 at 3:2-4.
[17] *Id.* at ¶¶ 21-24.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to show causation.  The Court agrees that there is no valid basis for a negligence claim in this case.

*Duty*

"In Arizona, violation of a statute establishes the elements of duty and breach, requiring the plaintiff to prove only proximate cause and damages."[18] Plaintiff argues that the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Trade Commission Act ("FTCA") create a duty in Arizona from which relief can be sought. There is, however, no private right of action under HIPAA or the FTCA.[19]

Plaintiff asserts that she is not bringing suit for a direct violation of the statutes, but merely relying on them as evidence that a duty was established.  Both acts have their own enforcement mechanisms and were not intended to provide a private right of action. Permitting HIPAA to define the "duty and liability for breach is no less than a private action to enforce HIPAA, which is precluded."[20] The same logic applies to the FTCA which has also been held to not create a private right of action.[21]

*Damages*

Defendant also seeks the dismissal of Plaintiff's negligence claim on the basis that the FAC does not show cognizable injuries.  Negligence damages must be actual and appreciable, non-speculative, and more than merely the threat of future harm.[22]

The majority view is that "general allegations of lost time," "continued risk to [plaintiff's] personal data," and "the danger of future harm" are not cognizable injuries.[23] Plaintiff's FAC fails to show identity theft or loss in continuity of healthcare of any class members - only the possibility of each.  Arizona law requires negligence damages to be

---

[18] *Resolution Trust Corp. v. Dean*, 854 F.Supp. 626, 640 (D. Ariz. 1994).
[19] *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2016); *see also Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("[e]very district court that has considered this issue is in agreement that the [HIPAA] statute does not support a private right of action.").
[20] *Skinner v. Tel-Drug, Inc.*, 2017 WL 1076376, *3 (D. Ariz. 2017).
[21] *Warren v. RJM Acquisitions, LLC*, 2012 WL 4903588, *2 (D. Ariz. 2012).
[22] *CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 198 Ariz. 173, 176-77 (App. 2000).
[23] *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 45 (2021).

more than merely a threat of future harm.[24] Threats of future harm, on their own, are not cognizable negligence injuries.

Plaintiff asserts damages due to out-of-pocket expenses spent on prevention, detection, and recovery; lost opportunity costs; and future costs in time, effort, and money. Even when such out-of-pocket expenses are alleged, Plaintiff must also show that the costs were reasonable and necessary.[25] Plaintiff fails to demonstrate that her out-of-pocket expenses were reasonable and necessary in the FAC. To show that the expenses were necessary, Plaintiff needed to properly show that the identity monitoring services offered by Defendant were inadequate in some way to justify the out-of-pocket expenses. Plaintiff shows no metric or measure indicating her risk increased such that the identity monitoring services provided by Defendant were inadequate. Without this, Plaintiff has no tenable position that her out-of-pocket expenses were reasonable or necessary.

Courts also recognize that merely alleging a diminution in value to somebody's PII or PHI is insufficient. Plaintiff must demonstrate that 1) a market exists for the personal information at issue and 2) Plaintiff's impairment in participation in that market.[26] The FAC demonstrates neither.

In light of the foregoing, all negligence claims are dismissed.

**<u>Breach of Implied Contract</u>**

<u>*Damages*</u>

In a breach of contract claim, a plaintiff must demonstrate that the breach caused an injury.[27] There must be allegations and proof of real, and not merely possible or speculative damages.[28] Like her negligence claim, Plaintiff's FAC only reflects speculative damages.

<u>*Existence of an Implied Contract*</u>

Contract terms cannot be vaguely pleaded.[29] Even at the motion to dismiss stage,

---

[24] *CDT, Inc.*, 198 Ariz. at 176-177.
[25] *Griffey*, 562 F. Supp. 3d at 47.
[26] *Id.* at 46.
[27] *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96 (2013).
[28] *Skinner v. Tel-Drug, Inc*., 2017 WL 1076376, *3 (D. Ariz. 2017)
[29] *Griffey*, 562 F. Supp. 3d at 51.

courts cannot be left to "guess" how a party failed to perform their contractual obligations.[30] Generally, before a court can find the existence of an implied contract, there must be an offer; there must be an acceptance; the acceptance must be in the terms of the offer; it must be communicated to the offeror; there must be a mutual intention to contract; and there must be a meeting of the parties' minds.[31] Plaintiff fails to show any language that would inform the terms of the agreement, nor do they point to any conduct or circumstances from which the terms could be determined.  Even if Defendant had an obligation to protect the data at issue in this case, such pre-existing obligations do not serve as consideration for a contract.[32]

At a minimum, Plaintiff has not shown cognizable damages, a reasonable construction for the terms of the contract, or consideration for the existence of an implied contract.  All breach of implied contract claims are dismissed.

**<u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>**

Plaintiff argues that Defendant breached the implied covenant of good faith and fair dealing by failing to maintain adequate computer systems and data security practices, failing to timely and adequately disclose the data breach, and inadequate storage of PII and PHI.  The implied covenant of good faith and fair dealing exists to ensure that parties do not frustrate already-existing contract terms; it does not create new ones.[33]  As Plaintiff has failed to show an enforceable promise, there can be no breach of an implied covenant of good faith and fair dealing by failing to do so.[34]  All claims for breach of the implied covenant of good faith and fair dealing are dismissed.

**<u>Arizona Consumer Fraud Act ("Fraud Act")</u>**

To prevail on a Fraud Act claim, a plaintiff must establish that the defendant made a misrepresentation in violation of the Fraud Act, and the defendant's conduct proximately

---

[30] *Id.*
[31] *Krottner v. Starbucks Corp.*, 406 Fed. Appx. 129, 131 (9th Cir. 2010)
[32] *See Leone v. Precision Plumbing & Heating of S. Ariz., Inc.*, 121 Ariz. 514, 515 (App. 1979) ("A promise lacks consideration if the promisee is under a pre-existing duty to counter-perform.").
[33] *In re Banner Health Data Breach Litig.*, 2017 WL 6763548 (D. Ariz. 2017).
[34] *Id.*

caused the plaintiff to suffer damages.[35] When filing a claim under the Fraud Act, a plaintiff in a fraud-by-omission suit faces a slightly more relaxed burden than other types of fraud.[36] Courts still apply Rule 9(b) to Fraud Act claims, but relax the burden by not requiring a plaintiff to articulate the time, place, and specific content of an omission precisely.[37]

Plaintiff's Fraud Act claims fail because even with a more relaxed standard, she fails to demonstrate how the alleged omissions were material.[38] Plaintiff's argument that Defendant's data security was inadequate simply because there was a data breach is itself inadequate. Plaintiff cannot simply argue that the system is inadequate because a negative result occurred. Plaintiff additionally fails to demonstrate how Defendant's security was inadequate when compared to other companies or any set of industry standards. Plaintiff also failed to show cognizable damages.   As such, Plaintiff's Fraud Act claims are dismissed.

### Invasion of Privacy and Breach of Privacy

Defendant's motion to dismiss correctly argues that there are no cognizable claims for invasion of privacy and breach of privacy in this case, and Plaintiff does not dispute this in her response to Defendant's motion to dismiss; therefore, Plaintiff's invasion of privacy and breach of privacy are dismissed.[39]

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion to Dismiss as to all claims is granted; as it is apparent that allowing another amended complaint would be futile, leave to amend will not be permitted in this case.

(2) This case is dismissed with prejudice.

---

[35] *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 825 (D. Ariz. 2016).
[36] *Griffey*, 562 F. Supp. 3d at 53-54.
[37] *Id.*
[38] *See Cheatham*, 161 F. Supp. 3d 815, 830.
[39] As noted earlier, Defendant's arguments for dismissal regarding standing also have merit, but the Court does not address that issue in detail in this Order as it is unnecessary in light of the failure to state any claims.

(3) The Clerk of the Court shall enter judgment and close the file in this case.


Dated this 31st day of August, 2023.


Honorable James A. Soto
United States District Judge